# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

REDAN ROOSEVELT NORMAN,

    Petitioner,

v.

PICKAWAY CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-319
JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I. Facts and Procedural History

Petitioner challenges his January 28, 1999, convictions in the Franklin County Court of Common Pleas on two counts of aggravated murder and one count of kidnapping, with firearm specifications. On March 17, 1999, the trial court imposed a sentence of life without the possibility of parole. On December 23, 1999, the appellate court affirmed the judgment of the trial court. *State v. Norman*, No. 99AP-398, 2000 WL 775620 (Ohio Ct. App. 1999). On May 3, 2000, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Norman*, 88 Ohio St.3d 1496 (Ohio 2000).

> On October 2, 2000, defendant filed a motion for new trial, contending the state's witness, Arlynda Heard, provided a statement not disclosed to the defense. Had this statement been available, defendant contended, the defense would have used it to impeach Heard's in-court testimony. According to defendant, Heard's statement was consistent with defendant's in-court testimony that defendant did not know the gun involved in the incident was loaded. The trial court overruled the motion on October 31, 2000.
>
> On January 30, 2001, defendant filed a second motion for new trial, contending again that the prosecuting attorney's office failed to provide exculpatory evidence to the defense. In this instance, defendant contended the state failed to produce evidence relative to the autopsy report. The trial court overruled the motion on February 14, 2001, finding the motion did not comply with either Crim.R. 33 or the court's local rules.
>
> On February 28, 2001, defendant filed another motion for new trial, asserting the same issues rejected in the trial court's February 14, 2001 judgment entry. The trial court overruled the motion on April 12, 2001. Defendant appealed the trial court's judgment entry, and this court affirmed. *State v. Norman*, Franklin App. No. 01AP-588 (Judgment Entry). Defendant filed a motion for reconsideration, and this court overruled the motion. *State v. Norman* (Oct. 8, 2002), Franklin App. No. 01AP-588 (Memorandum Decision).
>
> On October 18, 2004, defendant filed yet another motion for new trial. He premised the motion on attached affidavits from Heard recanting her trial testimony. By judgment entry of November 8, 2004, the trial court overruled defendant's motion, finding it was not timely filed and lacked merit.

*State v. Norman*, No. 04AP-1312, 2005 WL 2364978 (Ohio Ct. App. 2005). On September 27, 2005, the appellate court dismissed Petitioner's appeal. *Id*. On February 8, 2006, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. *State v. Norman*, 108 Ohio St.3d 1439 (Ohio 2006).

On March 27, 2006, Petitioner filed his first federal habeas corpus petition. He asserted that the evidence was constitutionally insufficient to sustain his conviction on kidnapping; that

the trial court improperly refused to admit a taped statement made by Detective Robert Young that was inconsistent with his in-court testimony; and that the trial court erred in failing to grant his motion for a new trial. *See Norman v. Moore*, No. 2:06-cv-234, 2007 WL 275942 (S.D. Ohio Jan. 26, 2007). On March 23, 2007, this Court dismissed that action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Norman v. Moore*, No. 2:06-cv-234, 2007 WL 912233, at *37–38 (S.D. Ohio March 23, 2007).

Thereafter,

> [o]n December 1, 2015, Norman filed a complaint for a declaratory judgment that the underlying criminal judgment is void because the trial court was not the proper venue and, thus, lacked subject-matter jurisdiction. Norman argued improper venue based on the victim's death certificate being issued in Fairfield County.
>
> Appellees responded in a December 31, 2015 motion to dismiss, asserting, pursuant to Civ.R. 12(B)(6), that Norman failed to state a claim on which relief may be granted. More specifically, appellees argued that Norman could not use an action for declaratory judgment as a substitute for a criminal appeal or to collaterally attack a criminal conviction. Additionally, appellees asserted statutory immunity. Norman responded in a January 20, 2016 memo in opposition. Appellees filed a reply on January 27, 2016.
>
> In a February 29, 2016 entry, the trial court granted appellees' motion to dismiss. The trial court concluded an action for declaratory judgment is an improper avenue for attacking a criminal conviction and thus dismissed Norman's complaint on that basis. Moreover, the trial court noted that because it granted appellees' motion based on the impropriety of using a declaratory judgment as a means of attacking a criminal conviction, it need not address appellees' immunity arguments.

*Norman v. O'Brien*, No. 16AP-191, 2016 WL 4440852 (Ohio Ct. App. 2016). On August 23, 2016, the appellate court affirmed the judgment of the trial court. *Id*. On March 15, 2017, the Ohio Supreme Court dismissed the appeal. *Norman v. O'Brien*, 148 Ohio St.3d 1427 (Ohio 2017).

On April 14, 2017, Petitioner filed the current action pursuant to 28 U.S.C. § 2254. (Doc. 1). He asserts that the trial court lacked venue and subject matter jurisdiction, and that his conviction therefore is void (claim one); and that he was denied due process based on the trial court's lack of subject matter jurisdiction (claim two). (*See generally id.*).

However, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition. 28 U.S.C. § 2244(b); *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). "[W]hen a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision 'on the merits.'" In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application." *Smith v. Warden, Lebanon Corr. Inst.*, No. 1:16-cv-998, 2016 WL 6790800, at *2 (S.D. Ohio Oct. 27, 2016) (citing *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States*, 150 F.3d 202, 205–06 (2d Cir. 1998)).

As discussed, this is not Petitioner's first federal habeas corpus petition. His previous petition was dismissed as barred by AEDPA's one-year statute of limitations. *See Norman*, 2007 WL 275942, at *37–38. "[I]t is well-settled that when the prior petition is dismissed because the petitioner procedurally defaulted his claims in state court or because the petition is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims[.]" *Sudberry v. Warden, Leb. Corr. Ins.*, No. 1:17-cv-45, 2017 U.S. Dist. LEXIS 28011, *5 (S.D. Ohio Feb. 28,

2017). In such a case, "the petitioner must obtain prior authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application." *Id.* That is the circumstance here.

## II. Recommended Disposition

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: April 25, 2017 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE